UNITED STATES of America,
Appellee,

v.

Sean A. ROGET, Jr., Appellant.

No. 04–3051.

United States Court of Appeals,
District of Columbia Circuit.

Feb. 23, 2005.

John Robert Fisher, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Plaintiff–Appellee.

Richard A. Finci, Houlon, Berman, Bergman, Finci & Levenstein, New Carrollton, MD, for Defendant–Appellant.

Before SENTELLE, HENDERSON, and TATEL, Circuit Judges.

*JUDGMENT*

This appeal was considered on the record from the United States District Court for the District of Columbia and the briefs by the parties.  It is

ORDERED and ADJUDGED that the judgment of the District Court be affirmed for the reasons set forth in the attached memorandum.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

*MEMORANDUM*

Appellant Sean A. Roget, Jr., an Amtrak passenger traveling from Florida to New York, was arrested for unlawful possession

with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B)(ii) when his train stopped at Washington's Union Station. Police officers obtained Roget's verbal consent to search his sleeping compartment, or "roomette," just before 6:00 a.m. on that date, and seized a brick of cocaine from a suitcase in the compartment. Appellant moved to suppress the cocaine on the theory that the search was involuntary and was conducted in violation of his Fourth Amendment rights. Following an evidentiary hearing, the District Court denied appellant's motion. Appellant entered a conditional guilty plea and now seeks review from this court.

On appeal, appellant does not contest the District Court's finding that he uttered the words giving his consent, but rather argues that his consent was given involuntarily, and further, that he had already been seized at the time he allegedly consented to the search. We find neither argument persuasive.

■ While we review *de novo* a district court's legal conclusion that a search does not violate the Fourth Amendment, *United States v. Patrick,* 959 F.2d 991, 996 n. 6 (D.C.Cir.1992), we review the underlying factual findings under a clearly erroneous standard. The voluntariness of consent to a search is determined under the totality of the circumstances. *United States v. Lewis,* 921 F.2d 1294, 1300–01 (D.C.Cir. 1990) (citing *Schneckloth v. Bustamonte,* 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973)). According to the government's evidence, one of the officers asked appellant, "Can I search your room?" Appellant replied, "Okay." Appellant does not dispute this testimony. His argument is that given the early hour, and his dress (he was wearing only his boxer shorts), he did not feel free to deny the police his consent to search the compartment. Noting that Appellant's "demeanor

... was very, very evasive, and his testimony ... very vague at best," the District Court declined to credit this first-hand testimony as to his state of mind during the encounter. [Govt.App. at Tab A, p. 11] The court found that "a reasonable police officer under this circumstance would understand the word 'okay' as an unambiguous expression of consent." We discern no error in the court's conclusion either as a finding of fact or a matter of law.

■ We reject appellant's claim that he had already been seized at the time of giving his consent. A seizure occurs "only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen." *Terry v. Ohio,* 392 U.S. 1, 19 n. 16, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). To determine whether this has occurred, a court must look to whether, "in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *Michigan v. Chesternut,* 486 U.S. 567, 573, 108 S.Ct. 1975, 100 L.Ed.2d 565 (1988). The District Court's determination that a reasonable person in those circumstances would not have felt constrained from terminating his encounter with the police withstands *de novo* review.

As we have held previously, "the mere presence of officers in the doorway of a train roomette (and the adjacent aisle) [does not] defeat the 'free to leave' test." *United States v. Tavolacci,* 895 F.2d 1423, 1425 (D.C.Cir.1990) (citing *United States v. Savage,* 889 F.2d 1113, 1116–17 (D.C.Cir. 1989)). This is because "[w]here that position is virtually compelled by the location of the interview, it does not inherently signify an intent to prevent the interviewee from leaving the scene (much less from ending the conversation and shutting the door)." *Tavolacci,* 895 F.2d at 1425. We have held that rousing a citizen from his bed on a train in the early morning, "caus-

ing him to answer their knock on the door of his roomette in some partial state of undress," may contribute to rendering contact with officers at the door of a roomette a seizure. *United States v. Battista,* 876 F.2d 201, 204–205 (D.C.Cir.1989). But we stopped short of holding that such a circumstance, on its own, constitutes a seizure. *Id.*

 Appellant's argument that a heightened expectation of privacy in the sleeping compartment, combined with the absence of other passengers nearby to provide "safety in numbers," meant that a reasonable person in his position would not have understood that he was free to leave lacks any underpinning in law or logic. Appellant does not explain how a heightened expectation of privacy could logically impair a person's ability to voluntarily consent to a search. And at any rate, "there is no heightened expectation of privacy in a train roomette." *Battista,* 876 F.2d at 204. Further, the Supreme Court's opinion in *United States v. Drayton,* 536 U.S. 194, 122 S.Ct. 2105, 153 L.Ed.2d 242 (2002), does not, as appellant suggests, support the proposition that a passenger found alone on a train or any other public transportation vehicle would feel constrained from terminating the encounter. *Cf. Drayton,* 536 U.S. at 201, 122 S.Ct. 2105 (holding only that "because many fellow passengers are present to witness officers' conduct, a reasonable person may feel *even more* secure in deciding not to cooperate [with police] on a bus than in other circumstances.") (emphasis added).

For the reasons stated above, the District Court's denial of appellant's motion to suppress is hereby

*Affirmed.*